<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JACQUES BOISVERT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM FIRE AND CASUALTY COMPANY, <br><br> Defendant. | Civil Action No. 14-5760 (ES)(MAH) <br><br> **OPINION & ORDER** |

**SALAS, DISTRICT JUDGE**

Pending before this Court is Defendant State Farm Fire and Casualty Co.'s ("Defendant" or "State Farm") motion to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The Court has considered the papers submitted in connection with the instant motion and decides the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, Defendant's motion to dismiss is granted.

**I.      FACTUAL BACKGROUND**

On October 29, 2012, Plaintiffs Jacques Boisvert and Crystal Boisvert sustained damage to their home in Phillipsburg, New Jersey as a result of Hurricane Sandy. (D.E. No. 1, Complaint ("Compl.") ¶ 1). At the time, Plaintiffs' property was covered by an insurance policy (the "Policy") issued by Defendant. (*Id.* ¶ 3). The Policy, Homeowner Policy Number 30-BP-K247-2, covers up to $483,000 of certain types of damage to Plaintiffs' home. (*Id.* ¶¶ 6, 13; *see also* D.E. No. 3, Certification of Timothy Cronin ("Cronin Cert."), Ex. A ("Policy")).

Plaintiffs allege that they reported to Defendant that their property "sustained substantial losses and damage" as a result of the hurricane. (Compl. ¶ 17). They further allege that the damage was "fully covered by the policy." (*Id*. ¶ 20).

On July 26, 2013, Defendant issued a notice to Plaintiffs stating that the damage that Plaintiffs reported was not covered by the Policy because there was "a pre-existing condition due to settlement, design, workmanship, construction and or materials used in construction or repair, which caused damage to the wood support beams." (D.E. No. 9, Plaintiffs' Opposition to Defendant's Motion to Dismiss ("Pl. Opp. Br."), Ex. E ("Denial Ltr.") at 1). The letter further noted that "[d]amage resulting from these causes of loss are not covered by your policy" and "[t]his *denial* involves the coverages of this policy only." (*Id.* at 1, 3) (emphasis added).

In addition, the letter noted the provision in the Policy stating as follows: "Suit Against Us. No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage." (*Id.* at 3, § 1(6)).

Plaintiffs brought the instant action on September 16, 2014. (Compl.). They assert that Defendant "improperly adjusted and denied Plaintiffs' claims," (*id*. ¶ 22); "failed to properly investigate the hurricane damage," (*id.* ¶ 23); and failed to "sufficiently compensate Plaintiffs for their covered losses," (*id*. ¶ 25). Plaintiffs assert claims for: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; and (3) a violation of the New Jersey Consumer Fraud Act ("NJCFA"). (*Id.* at 4-7).

## II.     LEGAL STANDARD

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"When reviewing a motion to dismiss, '[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992)). But the court is not required to accept as true "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Finally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). "[A] document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal citations and quotation marks omitted).

### III.   DISCUSSION

Defendant asserts that Plaintiffs' claims are barred by the Policy's one-year statute of limitations provision. (D.E. No. 6-1, Defendant State Farm Fire and Casualty Company's Brief in Support of its Motion to Dismiss Plaintiffs' Complaint Pursuant to Federal Rule Civil Procedure 12(b)(6) ("Def. Mov. Br.") at 4). Plaintiffs respond that their claims are timely because the statute of limitations should be tolled. (Pl. Opp. Br. at 8). "[A] limitations defense [may] be raised by a

motion under Rule 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (internal quotation marks omitted).

The claims alleged in the Complaint are based upon the Policy and Defendant's denial of coverage. (Compl. ¶¶ 13, 25). No party contests the authenticity of either the Policy or Defendant's denial letter. (*See* Denial Ltr.). Accordingly, the Court considers both documents in deciding this motion. *See Brown v. State Farm Ins. Co.*, No. 14-2064, 2015 WL 1137850, at *4-5 (D.N.J. Mar. 13, 2015) (considering both the insurance policy and the insurer's denial letter on motion to dismiss and determining that the claim was barred by the statute of limitations); *Brusco v. Harleysville Ins. Co.*, No. 14-914, 2014 WL 2916716, at *5 (D.N.J. June 26, 2014) (considering indisputably authentic insurance denial letter because plaintiff referenced denial of insurance benefits in the complaint).

The Policy states that "[t]he action must be started within one year after the date of loss or damage." (D.E. No. 6-3, Policy § 1(6)). Both parties to the present litigation agree that the contractual one-year statute of limitations found in the Policy is binding. (Pl. Opp. Br. at 10); *see also Gahnney v. State Farm Ins. Co.*, 56 F. Supp. 2d 491, 495 (D.N.J. 1999) (finding that, where insurance provision stated "[t]he action must be started within one year after the date of loss or damage," the "applicable period for the statute of limitations is one year."). Plaintiffs also admit that they filed suit on September 16, 2014, beyond the one-year contractual period that began on October 29, 2012, "the date of loss or damage." However, they raise numerous tolling arguments. Specifically, they argue that the limitations period is tolled: (1) during the time that the insurer investigates a claim before denial, (Pl. Opp. Br. at 9-10); (2) by the discovery rule with respect to

4

latent structural damage, (*id.* at 10-11); and (3) because equitable tolling purportedly applies, (*id.* at 11-16). The Court addresses each argument in turn.

First, the contractual statute of limitations in an insurance contract is tolled during the time that the insurer investigates the claim "from the time an insured gives notice until liability is formally declined." *Peloso v. Hartford Fire Ins. Co.*, 56 N.J. 514, 521 (1970); *see Solomon Lieberman & Chevra Lomdei Torah v. Interstate Fire & Cas. Co.*, 768 F.2d 81, 82 (3d Cir. 1985). In assessing whether Plaintiffs' claim is timely based on tolling during the insurer's investigation, the Court considers only the allegations in the Complaint, the Policy, and Defendant's July 26, 2013 denial letter, which forms the basis of Plaintiffs' claim.[1] The July 2013 letter states:

> Based upon the results of our discussions, site inspection, and investigation, it was determined that there was a pre-existing condition due to settlement, design, workmanship, construction and or materials used in construction or repair, which caused damage to the wood support beams. Damage resulting from these causes of loss are not covered by your policy.

(Denial Ltr. at 1).

The Denial Letter also included the following language regarding the filing of a civil lawsuit:

> The action must be started within one year after the date of loss or damage. This denial involves the coverages of this policy only. If you have any additional information you would like us to consider, please forward it to us immediately.

(*Id.* at 3).

As described above, the face of the Complaint and the undisputedly authentic documents upon which it relies show that (1) the alleged date of damage was October 29, 2012; (2) Defendant

---

[1] The Court does not consider additional exhibits that do not form the basis of the Complaint or are not referenced in the Complaint. As discussed above, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

denied the insurance claim on July 26, 2013; and (3) Plaintiffs filed suit on September 14, 2014—more than one year after the conclusion of the investigation. Thus, even assuming the statute of limitations was tolled from the earliest possible date Plaintiffs gave notice of damage until the "liability [was] formally declined," *Peloso*, 56 N.J. at 514, 521, this tolling ended when Defendant's investigation concluded and it denied Plaintiffs' claim on July 26, 2013. Giving Plaintiffs the benefit of all favorable inferences, Plaintiffs' September 2014 Complaint remains untimely based on the one-year limitations period.

Plaintiffs respond that tolling for an insurer's investigation should extend beyond the July 2013 letter because it was purportedly ambiguous whether Defendant was continuing to investigate the claim. (Pl. Opp. Br. at 11). Under some circumstances, the statute of limitations may continue to toll if it is not clear that the insurer has concluded its investigation. *See Azze v. Hanover Ins. Co.*, 765 A.2d 1093, 1100-01 (N.J. Super. Ct. App. Div. 2001) (finding insurer's letter equivocal where it did not mention a one-year limitations period, suggested insured submit additional information, indicated insured could contact the Department of Insurance if they were not satisfied with the result, and negotiations continued after purported denial letter). However, courts have found that the toll for the insurer's investigation ends where—as here—the insurer unequivocally states that there is a "denial" of the claim. *See Zaun v. Franklin Mut. Ins. Co.*, No. A-5193-11T2, 2013 WL 1104777, at *3 (N.J. Super. Ct. App. Div. Mar. 19, 2013); *Brusco*, 2014 WL 2916716, at *6.

Although the letter in this case stated that Defendant would accept "additional information," it clearly stated that there was a "denial" of the claim, that the damage for which Plaintiffs sought payment was "not covered by [the] policy," and that any "action must be started within one year after the date of loss or damage." Faced with nearly identical language, courts

6

have found an unequivocal denial. *See Zaun*, 2013 WL 1104777, at *3 (finding insurer's letter was an unequivocal denial where it stated that it "denies liability for this claim" and that the insured "must institute litigation within 12 months from the date of this letter should you contest our position," even though it invited the insured to "supply additional documentation").[2]

Next, Plaintiffs argue that they should benefit from tolling of the statute of limitations until they discovered structural damage, which they assert occurred on December 27, 2012. (Pl. Opp. Br. at 12-13). Plaintiff, however, has pled no facts with respect to the date of discovery or the applicability of tolling. To invoke the discovery rule, a plaintiff must "plead the applicability of the doctrine." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1391 (3d Cir. 1994). However, even assuming that a discovery rule applied, it would not extend the limitations period here. As discussed above, giving Plaintiff the benefit of all favorable inferences, the limitations period was tolled until July 26, 2013, when Defendant denied Plaintiffs' claim as a pre-existing condition. Application of a discovery toll until December 2012 would provide Plaintiffs with no further benefit in addition to the toll during Defendant's investigation. Instead, Plaintiffs' claim would remain untimely.

Plaintiffs next argue that equitable tolling applies. (Pl. Opp. Br. at 10). "[A] defendant may be denied the benefit of a statute of limitations where, by its inequitable conduct, it has caused a plaintiff to withhold filing a complaint until after the statute has run." *Trinity Church v. Lawson-Bell*, 925 A.2d 720, 727 (N.J. Super. Ct. App. Div. 2007) (citing N.J. Court Rules, cmt. 36.4.1 on R. 4:5–4 (2007) ("The doctrine of equitable tolling is typically applied to relieve a plaintiff who

---

[2] Plaintiffs also contend that conduct before and after the July 2013 letter—conduct not pled in the Complaint—indicates the July 2013 letter was an ambiguous denial. (Pl. Opp. Br. at 11-14). Since these allegations do not appear in the Complaint or the documents it relies upon, Plaintiff has not plead the applicability of the doctrine of tolling.

7

has been induced or tricked by defendant into missing a deadline.")). The New Jersey Supreme Court has explained that

> [E]quitable estoppel has been used to prevent a defendant from asserting the statute of limitations when the defendant engages in conduct that is calculated to mislead the plaintiff into believing that it is unnecessary to seek civil redress. Thus, we have recognized that equitable estoppel may be appropriate where 'a defendant has lulled a plaintiff into a false sense of security by representing that a claim will be amicably settled without the necessity for litigation.'

*W.V. Pangborne & Co. v. N.J. Dep't of Transp.*, 116 N.J. 543, 554 (1989) (quoting *Lawrence v. Bauer Publishing & Printing, Ltd.*, 78 N.J. 371, 376 (1976)). Furthermore, to meet the standard of equitable tolling, a plaintiff must demonstrate that she "exercised reasonable diligence in investigating and bringing the claims." *Miller v. N.J. Dep't of Corrections*, 145 F.3d 616, 618-19 (3d Cir. 1998).

Plaintiffs further imply that limitations period should be equitably tolled because they invoked a right to non-binding mediation with Defendant of their claims, which lasted thirty days. (Pl. Opp. Br. at 14). Plaintiffs, however, have not pled any facts with respect to the mediation or any other form of equitable tolling. *See Perelman v. Perelman*, 545 F. App'x 142, 151 (3d Cir. 2013) (affirming dismissal where "[plaintiff] has not made any allegations in his complaint that would support application of the fraudulent concealment doctrine . . . ."); *Harris v. Bristol-Myers Squibb Co.*, No. 11-6004, 2013 WL 5407193, at *4 (D.N.J. Sept. 25, 2013) ("[E]quitable tolling under a theory of fraudulent concealment . . . . must be pled with particularity pursuant to Rule 9(b)."). Moreover, Plaintiffs have submitted no authority indicating that a non-binding mediation program—that was initiated by Plaintiffs—tolls the statute of limitations. Mediation is not a prerequisite for bringing a suit. Plaintiffs' exercise of their right to present their claim before a mediator does not constitute conduct by Defendant that was "calculated to mislead [Plaintiff] into

believing that it was unnecessary to seek civil redress" within the limitations period, as may be sufficient to toll the limitations period. *See Travelers Indem. Co. v. Dammann & Co.*, 592 F. Supp. 2d 752, 769 (D.N.J. 2008) (finding parties' lengthy mediation of insurance coverage claim did not toll limitations period) *aff'd*, 594 F.3d 238 (3d Cir. 2010); *see also Matos v. Farmers Mut. Fire Ins. Co. of Salem Cnty.*, 943 A.2d 917, 923 (N.J. Super. Ct. App. Div. 2008) (rejecting argument that plaintiff's filing of an optional "internal appeal tolls the twelve-month period for filing a suit"). Finally, as Defendant notes, even if the statute of limitations were tolled another thirty days during mediation, Plaintiffs' claims are still untimely.[3]

Lastly, the Court addresses Plaintiffs' NJCFA claim. Defendants argue that the Court should dismiss Plaintiffs' NJCFA claim for the first time in their reply brief. (D.E. No. 14, Defendant State Farm Fire and Casualty Company's Reply Brief in Further Support of its Motion to Dismiss Plaintiffs' Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Def. Rep. Br.") at 10-11). The claim is not mentioned in their moving brief.[4] It is well-settled that "[a]

---

[3] Plaintiffs also claim that the limitations period should be tolled during the time between when Defendant admitted a portion of liability and when Defendant paid that portion. First, Plaintiffs plead no facts regarding Defendant's admission of liability for a portion of the damage, Defendant's payment of any amount, or any delay in payment. Second, the cases Plaintiffs cite hold that a defendant may not assert a contractual limitations defense if the defendant, too, breached the contract by failing to remit payment of an admitted liability. *See Gahnney v. State Farm Ins. Co.*, 56 F. Supp. 2d 491, 498 (D.N.J. 1999) ("The failure of an insurance company to make the payment of the amount to which it admitted liability precludes the insurance company from raising the statute of limitations as a defense."). This applies where the insurer never paid its admitted liability and thus breached the contract. *See id.* ("However, State Farm is not unwilling to pay its admitted liability. . . . Therefore, State Farm met their obligation to plaintiffs on September 4, 1997 when the appraisal award was received by plaintiffs."). It does not apply where, as here, Plaintiff argues payment was merely untimely. Regardless, the limitations period is tolled from the date the insurer begins investigation until the date it denies a portion of the claim, *see Peloso v. Hartford Fire Ins.* Co., 56 N.J. 514, 521 (1970), not until it makes payment.

[4] The Court notes that Plaintiffs briefly argue in their opposition brief that their NJCFA claim should survive, (Pl. Opp. Br. at 16-17), but they have not had an opportunity to respond to the argument Defendant raises in support of its dismissal—namely, that the claim should be dismissed because "Plaintiffs' breach of contract and 'bad faith' claims clearly fall outside the Policy's one-year statute of limitations, (Def. Rep. Br. at 11).

9

moving party may not raise new issues and present new factual materials in a reply brief that it should have raised in its initial brief." *Ballas v. Tedesco*, 41 F.Supp.2d 531, 533 n.2 (D.N.J.1999) (citing *International Raw Materials, Ltd. v. Stauffer Chem. Co.*, 978 F.2d 1318, 1327 n. 11 (3d Cir.1992) (refusing to consider an issue raised for the first time in a reply brief)). Accordingly, the Court will not consider Defendant's argument that the NJCFA claim should be dismissed, and denies Defendant's motion to dismiss this claim *without prejudice*.

### IV.   CONCLUSION

For the foregoing reasons, it is on this 29th day of September 2015 hereby

**ORDERED** that Defendant's motion to dismiss the Complaint, D.E. No. 6, is granted *without prejudice* as to Counts 1 and 2. Plaintiff shall have 30 days to file an amended complaint to cure the deficiency noted above; and it is further

**ORDERED** that Defendant's motion to dismiss the Complaint, D.E. No. 6, is denied as to Count 3.

*s/ Esther Salas*_____
**Esther Salas, U.S.D.J.**