<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JACQUES BOISVERT, et al.,** | |
| **Plaintiffs,** | |
| **v.** | Civil Action No. 14-5760 (ES) (MAH) |
| **STATE FARM FIRE AND CASUALTY COMPANY,** | OPINION |
| **Defendant.** | |

**SALAS, DISTRICT JUDGE**

Pending before the Court is the motion to dismiss filed by Defendant State Farm Fire and Casualty Co. (D.E. No. 28). The Court has considered the parties' submissions and resolves the motion without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons discussed below, Defendant's motion is GRANTED in part and DENIED in part.

## I.      FACTUAL & PROCEDURAL BACKGROUND

On October 29, 2012, Plaintiffs Jacques Boisvert and Crystal Boisvert suffered damage to their home in Phillipsburg, New Jersey as a result of Hurricane Sandy. (D.E. No. 26, Amended Complaint ("Am. Compl.") ¶ 1). At the time, Plaintiffs' home was covered by an insurance policy issued by Defendant (the "Policy"). (*Id.* ¶ 3).

Plaintiffs allege that, following Hurricane Sandy, they immediately reported visible damage to Defendant. (*Id.* ¶ 21). However, on December 27, 2012, Plaintiffs learned that their

property suffered structural damage as well.  (*Id.* ¶ 23).  As such, Plaintiffs immediately reported the structural damage to Defendant.  (*Id.*).

Plaintiffs further allege that, on about December 27, 2012, Defendant sent them correspondence indicating that Defendant would pay $2,650.43 for the initial damage to Plaintiff's home.  (*Id.* ¶ 24; D.E. No. 28-4, Ex. B).  On the same day, Defendant also sent Plaintiffs a letter "advising them of the requirement to file an internal appeal with Defendant if Plaintiffs contested Defendant's coverage decisions and only then, if they were unsatisfied with the result, were they able to contract the New Jersey Department of Banking and Insurance."  (Am. Compl. ¶ 25).  Plaintiffs allege that this letter led them to believe that they had to appeal through Defendant's internal process.  (*Id.*).

Thereafter, Defendant sent an adjuster to evaluate the structural damage.  (*Id.* ¶ 26).  Plaintiffs allege that the adjuster did not properly evaluate the damage.  (*Id.*).  On April 29, 2013, Defendant sent Plaintiffs a letter indicating that the structural damage was caused by settling and was not covered by the Policy.  (*Id.* ¶ 27; D.E. No. 28-4, Ex. C).  Plaintiffs informed Defendant that they disagreed with Defendant's decision not to cover the structural damages to their home. (Am. Compl. ¶ 29).

Subsequently, Defendant sent a second adjuster to Plaintiffs' home to assess the structural damage.  (*Id.* ¶ 30).  Nevertheless, on July 26, 2013, Defendant sent Plaintiffs a letter again indicating that the structural damage was not covered by the Policy.  (*Id.*).  In the July 26, 2013 letter, Defendant invited Plaintiffs to submit additional information for Defendant's consideration. (D.E. No. 28-4, Ex. D).

On July 31, 2013 and August 1, 2013, Plaintiffs sent a letter to Defendant stating they would "need [Defendant] to state the exact problem and not a general statement" and "would like

some clarity on exactly why this claim is being denied." (Am. Compl. ¶ 33).  Thereafter, Plaintiffs participated in mediation with Defendant to resolve the dispute on October 3, 2013.  (*Id.* ¶ 36).  During this mediation, Defendant invited Plaintiffs to provide additional documents in support of their claims for reconsideration.  (*Id.* ¶ 37).  Ultimately, Defendant denied Plaintiffs' claims. (*Id.* ¶ 42).

On September 16, 2014, Plaintiffs filed a three-count complaint, alleging breach of contract, breach of good faith and fair dealing, and a violation of the New Jersey Consumer Fraud Act.  (D.E. No. 1).  On January 12, 2015, Defendant filed the first motion to dismiss Plaintiff's Complaint.  (D.E. No. 6).  On September 29, 2015, the Court granted Defendant's motion to dismiss as to Plaintiff's breach of contract and breach of good faith and fair dealing claims and denied Defendant's motion with respect to the New Jersey Consumer Fraud Act ("September 29, 2015 Opinion").  (D.E. No. 25).

On October 28, 2015, Plaintiffs filed the Amended Complaint.  (D.E. No. 26).  On November 23, 2015, Defendant filed the instant motion to dismiss Plaintiffs' Amended Complaint.  (D.E. No. 28).  Plaintiffs oppose the motion.  (D.E. No. 33).  The motion is now ripe for adjudication.

## II.   LEGAL STANDARD

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Achcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged."  *Id.*  "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"When reviewing a motion to dismiss, '[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn thereform.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Kulwicki v Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992)). But the court is not required to accept as true "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Finally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). "[A] document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal citations and quotation marks omitted).

## III.    DISCUSSION

Defendant asserts that Plaintiffs' claims are time barred by the Policy's one-year statute of limitations. (D.E. No. 28-1, Defendant's Brief in Support of its Motion to Dismiss Plaintiffs' Amended Complaint ("Def. Mov. Br.") at 4). Specifically, Defendant argues that the July 29, 2013 Denial Letter was unambiguous and that Plaintiffs failed to allege any facts that give rise to equitable tolling. (*Id.* at 5, 10). Defendant also contends that the Court need not address Plaintiffs' Consumer Fraud Act claims because Plaintiffs' claims fail under the terms of the Policy. (*Id.* at 13). The Court will address each argument in turn.

### A. Tolling

Again, Defendant contends that Plaintiffs' claims are time barred by the Policy's one-year statute of limitations.  Plaintiffs respond that their claims are timely because the statute of limitations should be tolled for various reasons.  (D.E. No. 33, Plaintiffs' Opposition to Defendant's Motion to Dismiss Plaintiffs' Amended Complaint ("Pl. Opp. Br.") at 7-17).  "[A] limitations defense [may] be raised by a motion under 12(b)(6), but only if the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (internal quotation marks omitted).

The claims alleged in the Amended Complaint are based upon the Policy and Defendant's refusal to cover structure damage.  (Am. Compl. ¶ 51).  The parties do not challenge the authenticity of the Policy.  Accordingly, the Court may consider the Policy when deciding the instant motion. *See Brown v. State Farm Ins. Co.*, No. 14-2064, 2015 WL 1137850, at *4-5 (D.N.J. Mar. 13, 2015) (considering the insurance policy on motion to dismiss).  The Policy states that "[t]he action must be started within one year after the date of loss or damage."  (D.E. No. 28-4, Ex. A, Policy).

Plaintiffs allege that their home was damaged on October 29, 2012, but Plaintiffs did not file suit until September 16, 2014—more than a year after the "date of loss or damage."  Nevertheless, Plaintiffs argue that the statute of limitations should be tolled: (1) because the July 26, 2013 letter was not an unequivocal denial of Plaintiffs' structural damage claim; (2) by Defendant's suggestion that Plaintiffs should contact the New Jersey Department of Banking and Insurance; (3) by Defendant's request for additional information in the July 26, 2013 letter;

(4) because Defendant did not pay the uncontested claim within a timely manner; and (5) because Plaintiffs relied on Defendant's action in seeking mediation.  (Pl. Opp. Br. at 8-17).

### 1.  July 26, 2013 Letter

Defendant argues that the July 26, 2013 letter was an unambiguous denial letter that ended the tolling for the insurer's investigation.  (Def. Mov. Br. at 5).  Accordingly, Defendant contends that Plaintiffs' suit, which was filed on September 16, 2014, was untimely.  (*Id.* at 10).

Contractual statute of limitations in insurance contracts are tolled during the time that the insurer investigates the claim "from the time an insured gives notice until liability is formally declined."  *Peloso v. Hartford Fire Ins. Co.*, 56 N.J. 514, 521 (1970); *see Solomon Lieberman & Chevra Lomdei Torah v. Interstate Fire & Cas. Co.*, 768 F.2d 81, 82 (3d Cir. 1985).  In the September 29, 2015 Opinion, the Court held that the July 26, 2013 letter was an unequivocal denial of Plaintiffs' claim.  (D.E. No. 25, September 29, 2015 Opinion & Order ("Op.") at 6).  The Court reached this determination by relying on the plain language of the letter, which clearly stated that there was a "denial," that the damage was "not covered by [the] policy," and that any "action must be started within one year after the date of loss or damage."  (*See id.* at 5-7; D.E. No. 28-4, Ex. D, July 26, 2013 Letter).

Nothing in the Amended Complaint has persuaded the Court to abandon this ruling. Plaintiffs argue that boilerplate language, the discrepancies between the April 29, 2013 and July 26, 2013 letters, and delay in payment of the uncontested damages creates special circumstances that demonstrate that the July 26, 2013 letter was not an unequivocal denial letter.  (Pl. Opp. Br. at 9-13).  None of these arguments are persuasive, especially in light of the fact that, as alleged in the Amended Complaint, Plaintiffs sent Defendant correspondence on July 31, 2013 and August

1, 2013 requesting "clarity exactly on why [the] claim is being *denied*," and asking whether the uncontested claim was "also being *denied.*"  (Am. Compl. ¶ 33 (emphasis added)).

Based on the plain language of the July 26, 2013 letter and Plaintiffs' concessions, the Court maintains—for all of the reasons addressed in the September 29, 2015 Opinion—that the July 26, 2013 letter was an unequivocal denial.  Thus, Plaintiffs are not entitled to tolling based on the July 26, 2013 letter.

### 2. *Department of Insurance and Mediation*

Plaintiffs argue that the statute of limitations should be tolled because Defendant suggested that the New Jersey Department of Banking and Insurance ("DOI") could resolve a dispute.  (Pl. Opp. Br. at 13).  Plaintiff asserts that this language could lead a layperson to believe that a contract with the DOI was a prerequisite to filing a lawsuit.  (*Id.* at 13-14).  Similarly, Plaintiffs contend that they are entitled to equitable tolling because Defendant's representative told them via phone that they must participate in mediation.  (Pl. Opp. Br. at 16; Am. Compl. ¶ 34).

"[A] defendant may be denied the benefit of a statute of limitations where, by its inequitable conduct, it has caused a plaintiff to withhold filing a complaint until after the statute has run." *Trinity Church v. Lawson-Bell*, 925 A.2d 720, 727 (N.J. Super. Ct. App. Div. 2007).  "[A]bsent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." *Freeman v. State*, 788 A.2d 867, 880 (N.J. Super. Ct. App. Div. 2002); *see Biegalski v. Am. Bankers Ins. Co. of Florida*, No. 14-6197, 2016 WL 1718101, at *6 (D.N.J. Apr. 29, 2016).  Moreover, to meet the standard of equitable tolling, a plaintiff must demonstrate that she "exercised reasonable diligence in investigating and bringing the claims." *Miller v. N.J. Dep't of Corr.*, 145 F.3d 616, 618-619 (3d Cir. 1998).

Here, Plaintiffs fail to support an equitable tolling defense.  Indeed, the Amended Complaint alleges that on December 27, 2012, Defendant stated that Plaintiffs could contact the DOI if they were unsatisfied with the results of the claim.  (Am. Compl. ¶ 25).  However, this was in conjunction with Plaintiffs' uncontested claim—not the denied claim for structural damage.  (*See id.* ¶¶ 24, 25).  Indeed, Defendant did not deny Plaintiffs' structural damage claim until July 26, 2013.  Defendant's August 8, 2013 letter to Plaintiffs—which references the DOI—was not alleged in the Complaint.  Accordingly, the Court may not consider this letter.

Nevertheless, Plaintiffs have pled facts to suggest that Defendant caused them to withhold filing suit.  To be sure, Plaintiffs allege that Defendant's representative told them that they must participate in mediation, and that they did not have another option.  (*Id.* ¶ 34).  Pursuant to this conversation, Plaintiffs allege that they requested mediation with Defendant on September 3, 2013.  (*Id.* ¶ 35).  The claim was mediated on October 3, 2013.  (*Id.* ¶ 36).

 Even if the Court were to toll the statute of limitations during the time period the parties engaged in mediation in light of Defendant's actions, Plaintiffs' Complaint was still untimely.  Defendant denied Plaintiffs claims on July 26, 2013, thus the statute of limitations began to run.[1] On September 3, 2013, Plaintiffs requested mediation as a result of Defendant's alleged actions.  Accordingly, between July 26, 2013 and September 3, 2013, the statute of limitations ran for 39 days and was tolled on September 3, 2013 when Plaintiffs requested mediation.  The statute of limitations then began to run again on October 3, 2013, once mediation was complete.  Thus, Plaintiffs had 326 days (365 days minus 39 days) from October 3, 2013 to file suit—by August 25, 2014.  Plaintiffs did not file suit until September 16, 2014.  Accordingly, Plaintiffs' Complaint

---

[1] Defendant argues that the period between the date of damage and discovery is not tolled.  (Def. Mov. Br. at 12).  Accordingly, Defendant contends that the statute of limitations began to run for 59 days between Hurricane Sandy and the date Plaintiffs notified Defendant of the structural damage.  (*Id.*).  The Court concludes that under either scenario, Plaintiffs' Complaint was untimely.

was untimely.

### 3.   Request for Additional Information

Plaintiffs argue that the statute of limitations should be tolled because Defendant's July 26, 2013 letter requested additional information.  (Pl. Opp. Br. at 14).  Although the July 26, 2013 letter did indicate that Defendant would accept additional information, the plain language of the letter was not misleading.  Indeed, the letter clearly indicated that it was a "denial" and stated that any "action must be started within one year after the date of loss or damage."  (D.E. No. 28-4, Ex. C); *see Zaun v. Franklin Mut. Ins. Co.*, No. A-5193-11T2, 2013 WL 1104777, at *3 (N.J. Super. Ct. App. Div. Mar. 19, 2013) (finding that insurer's letter was an unequivocal denial where it stated that it "denies liability for this claim" and that the insured "must institute litigation within 12 months from the date of this letter should you contest our position," even though it invited the insured to "supply additional documentation").  Moreover, Plaintiffs have not plead any facts to demonstrate that this was intentional inducement or trickery by Defendant that led Plaintiffs to withhold filing a complaint.  Accordingly, the Court concludes that this tolling argument is unpersuasive.

### 4.   Untimely Payment of Uncontested Claim

Plaintiffs also argue that the statute of limitations should be tolled for equitable reasons because Defendant did not pay its admitted liability on Plaintiffs' uncontested claims until September 2013.  (Pl. Opp. Br. at 15).  As the Court previously indicated, this argument is without merit.  (*See* Op. at 9 n.3).  An insurance company is barred from raising a statute of limitations defense when it fails to make payment on an admitted liability.  *See Gahnney v. State Farm Ins. Co.*, 56 F. Supp. 2d 491, 498 (D.N.J. 1999) ("The failure of an insurance company to make the payment of the amount to which it admitted liability precluded the insurance company from raising

the statute of limitations as a defense.").  But, that is not the case here.  Here, Plaintiffs merely argue that the payment was untimely.  Plaintiffs have not argued, nor can they argue, that Defendant *failed* to remit payment on admitted liability, thus breaching the insurance policy. Accordingly, Plaintiffs have not established a basis for tolling the statute of limitations.

Given that Plaintiffs have failed to establish a basis for tolling the statute of limitations, the Court grants Defendant's motion to dismiss Counts One and Two as untimely.

### B.  New Jersey Consumer Fraud Act Claim

Defendant also argues that Plaintiffs' New Jersey Consumer Fraud Act ("CFA") claim should be dismissed in light of Plaintiffs' failed claims under the Policy.[2]  (Def. Mov. Br. at 13). Defendant has not cited any authority to support the position that the statute of limitations for Plaintiffs' CFA claim is governed by the Policy.

Moreover, courts have recognized a distinction between breach of contract and CFA claims in the insurance context.  For example, in *Robert J. v. Liberty Mutual Insurance*, the district court noted that

> Plaintiffs' NJCFA claim goes to Liberty Mutual's subsequent performance of its obligations under the insurance contract.  Plaintiffs do not merely claim that Liberty Mutual underpaid their benefits, which would amount only to breach of contract, but instead assert that Liberty Mutual acted deceptively and fraudulently when investigating their property damage. Their NJCFA claim accuses Liberty Mutual of "telling its policyholder that the losses were not covered despite evidence that they were," in "creating values and assigning them to the covered loss to increase its own profitability," and "in falsely misrepresenting what its responsibilities were under the policy."  By alleging that Liberty Mutual's investigatory conduct was deceptive, Plaintiffs make clear that their NJCFA claim targets Liberty Mutual's conduct in performing its contract obligations-which distinguishes their NJCFA claim from the type of mere underpayment allegation . . . .

---

[2] In its Reply Brief, Defendant also argues that Plaintiffs failed to state a claim under the New Jersey Consumer Fraud Act.  (D.E. No. 36, Defendant's Reply Brief in Support of its Motion to Dismiss at 10). However, this argument was not raised in its moving brief.  Accordingly, this argument is not properly before the Court.

No. 14-06308, 2015 WL 4138990, *3 (D.N.J. July 8, 2015).

The same can be said here.  Plaintiffs have alleged more than mere underpayment or failure to pay.  Indeed, Plaintiffs allege that Defendant was "deceptive in the adjustment of this claim" and acted "fraudulently" and "in reckless disregard" for its obligations under the policy with respect to telling policyholders that the losses were not covered.  (Am. Compl. ¶ 63).  Plaintiffs' CFA claim is distinct from their breach of contract and breach of good faith and fair dealing claim—which center on Defendant wrongfully denying payment to Plaintiffs.  Defendant has failed to demonstrate why this distinct claim should be governed by the Policy's one-year statute of limitations rather than the six-year statute of limitations for CFA claims.  *See* N.J.S.A. 2A:14-1.

Accordingly, Defendant's motion to dismiss Count Three is DENIED.

## IV.    CONCLUSION

For the above reasons, the Court grants in part and denies in part Defendant's motion to dismiss.  An appropriate Order accompanies this Opinion.


*s/Esther Salas*
**Esther Salas, U.S.D.J.**